UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SLEEVE MEDIA, LLC,

Plaintiff/Counter-Defendant,

-v-

SMARTIFY MEDIA, INC.,

Defendant/Counter-Claimant,

-v-

PAULMICHAEL MULLALLY, formerly d/b/a HELLOSLEEVE, INC., a/k/a PIP MULLALLY,

Counter-Defendant.

25-CV-07308 (JAV)

MEMORANDUM OPINION & ORDER

JEANNETTE A. VARGAS, United States District Judge:

On November 10, 2025, Sleeve Media, LLC ("Sleeve Media") filed an amended complaint asserting two causes of action relating to breach of contract and accounting against Smartify Media, Inc. ("Smartify"). ECF No. 15 ("Amended Complaint" or "FAC"), ¶¶ 14-20. On November 24, 2025, Smartify filed its answer and asserted four counterclaims for breach of contract, breach of the covenant of good faith and fair dealing, intentional interference with contract, and intentional interference with prospective economic advantage against Sleeve Media and PaulMichael "PIP" Mullally ("Mr. Mullally"). ECF No. 16 ("Answer" or "Ans.") at 9-13. Presently before the Court is Smartify's motion for leave to join Mr. Mullally as a counterclaim-defendant under Federal Rule of Civil Procedure 13(h). ECF No. 18 ("Motion" or "Mot."). For the following reasons, the Court **GRANTS** the Motion.

**BACKGROUND**

Sleeve Media was formed as a New York domestic limited liability company on November 4, 2021. ECF No. 27 ("Mullally Decl."), ¶ 3. Mr. Mullally is the Managing Member of Sleeve Media. *Id.*, ¶ 2.

On or about November 14, 2021, Smartify sent Mr. Mullally through Docusign an agreement pursuant to which Sleeve Media agreed to identify customers owning or renting commercial spaces for screens to be installed by Smartify (the "Agreement"). *Id.*, ¶ 5. Although Mr. Mullally had previously informed Smartify that "Sleeve Media LLC is the official entity name" to be used for business between the parties, the Agreement mistakenly identified "HelloSleeve, Inc." ("HelloSleeve") as the contracting party instead of Sleeve Media. *Id.*, ¶¶ 4-5. Mr. Mullally failed to recognize this error and proceeded to execute the Agreement in his representative capacity on behalf of Sleeve Media. *Id.*, ¶ 7.

Smartify proceeded to issue payments to HelloSleeve. *Id.*, ¶ 8. After Mr. Mullally's bank rejected payments made to HelloSleeve, Mr. Mullally notified Smartify that the payments were being issued in error due to the mistake in the Agreement. *See id.*, ¶ 8. Smartify corrected the error on or about July 31, 2023, after Mr. Mullally reported the issue to Smartify's Vice President of Client Success & Partnerships. *Id.*

Further disputes about the implementation of the Agreement arose and Sleeve Media initiated this action, asserting claims against Smartify relating its alleged failure to uphold its obligations under the Agreement. *See generally* FAC. Smartify subsequently asserted counterclaims against both Sleeve Media and Mr. Mullally relating to their failures to abide by their obligations under the Agreement. *See generally* Ans. Smartify now seeks leave to join Mr. Mullally as a counterclaim-defendant. Mot.

**DISCUSSION**

Smartify argues that Mr. Mullally should be added as a counterclaim-defendant to the instant action under both Rules 19 and 20. ECF No. 19 ("Def. Mem.") at 7-11. Pursuant to Rule 19, Smartify argues that Mr. Mullally is a necessary party without whom Smartify would be denied complete relief because he may be the party liable under the Agreement—which is the subject of certain counterclaims of Smartify—since he signed it on behalf of HelloSleeve, an entity that was never incorporated. *Id.* at 8-10. Similarly, pursuant to Rule 20, Smartify argues that the Court should exercise its discretion to add Mr. Mullally as a counterclaim-defendant to the instant action because he is potentially a party to the Agreement and, therefore, Smartify's counterclaims against Mr. Mullally arise out of the same transaction as its counterclaims against Sleeve Media. *Id.* at 10-11. Because permissive joinder of Mr. Mullally is proper under Rule 20, the Court need not consider whether Mr. Mullally is also a necessary party under Rule 19.

A counterclaimant may add parties to its counterclaim to the extent permitted by Rule 20. Fed. R. Civ. P. 13(h). Under Rule 20, a third party may be joined as a counterclaim defendant if "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). Although the movant "bears the burden of demonstrating that joinder is warranted under Rule 20," *Deskovic v. City of Peekskill*, 673 F. Supp. 2d 154, 159 (S.D.N.Y. 2009), "[c]ourts have interpreted Rule 20(a) liberally to allow related claims to be tried within a single proceeding," *Drews v. Rockland Cnty. Offs.*, No. 25-CV-02710 (LLS), 2025 WL 3215421, at *4 (S.D.N.Y. Nov. 17, 2025) (citing *Barr Rubber Prods. Co. v. Sun Rubber Co.*, 425 F.2d 1114, 1127 (2d Cir. 1970)). Ultimately, "[p]ermissive joinder rests with the sound

discretion of the Court . . . ." *Bulgari v. Bulgari*, No. 22-CV-05072 (LGS), 2025 WL 1558355, at *6 (S.D.N.Y. June 2, 2025) (citation omitted).

Here, Smartify jointly asserts its counterclaims against Mr. Mullally and Sleeve Media. Ans. at 5-11. In support of these counterclaims, Smartify alleges several facts indicating that the counterclaims against Mr. Mullally and Sleeve Media are "so logically connected that considerations of judicial economy and fairness dictate that all the issues be resolved in one lawsuit." *Jones v. Ford Motor Credit Co.*, 358 F.3d 205, 209 (2d Cir. 2004). For example, Smartify alleges that, "[a]t all relevant times, Smartify dealt only with Pip Mullally for purposes of the Agreement." ECF No. 16 at 7. Smartify further alleges that Mr. Mullally played an active role in the commercial activities and conduct that forms the basis of its counterclaims against Sleeve Media. *See id.* at 7-9. Accordingly, Smartify has met the first requirement of Rule 20.

As to the second element, Smartify identifies several questions of fact that relate to both Mr. Mullally and Sleeve Media's commercial dealings and conduct that underlie the counterclaims brought against them. *See* Def. Mem. at 11; ECF No. 30 ("Def. Reply") at 4-5. "Rule [20] provides for joinder as long as there is *any* question of fact common to all." *Ardolf v. Weber*, 332 F.R.D. 467, 481 (S.D.N.Y. 2019) (citation omitted). Smartify has therefore satisfied the second element needed for permissive joinder.

Nonetheless, Plaintiff counters that permissive joinder is inappropriate because Smartify "has no viable claim against Mr. Mullally" since "Mr. Mullally is not a party to the Agreement." ECF No. 26 ("Pl. Opp'n") at 7. Due to the mistaken identification of HelloSleeve as the contracting party, the parties dispute whether Mr. Mullally was a party to the Agreement in his individual capacity and whether he was personally liable under the Agreement. *Compare* Def. Mem. at 9-11, *and* Def. Reply at 2-7, *with* Pl. Opp'n at 4-6. In light of the current record and

allegations, *see* Ans. at 6-11; ECF No. 31 ("Kunigonis Decl."), ¶¶ 3-9, it would be improper to presently decide whether Mr. Mullally was a party personally liable under the Agreement, *see C. L. King & Assocs., Inc. v. Nw. Mut. Life Ins. Co.*, No. 18-CV-00785 (TJM) (DJS), 2019 WL 13217086, at *1 (N.D.N.Y. June 14, 2019) ("Any liability of the proposed additional parties is not an issue to be determined at the motion stage." (cleaned up)).

**CONCLUSION**

Accordingly, the Motion is **GRANTED**. The Clerk of Court is directed to terminate ECF No. 18.

SO ORDERED.

Dated: July 28, 2026
New York, New York

JEANNETTE A. VARGAS
United States District Judge